# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SANDREW DOSS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:05-CV-1463-RDP-HGD |
| | ) |
| **COI LAUOLEFISO JONES, et. al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## **O R D E R**

The magistrate judge filed a report and recommendation on October 28, 2005, recommending that the following claims be dismissed:  (1) Plaintiff's Eighth Amendment claims against Defendants Hooks and Campbell; (2) Plaintiff's Fourteenth Amendment assault claims; and (3) Plaintiff's Eighth Amendment claims concerning the conditions of confinement in the strip cell.  It was further recommended that Plaintiff's First Amendment retaliation claims and Eighth Amendment excessive force and failure to protect claims against Defendants Warden Archie Garrett, Deputy Warden Mary Carter, Officer Gary Malone and Officer Lauolefiso Jones be referred to the magistrate judge for further proceedings.

Plaintiff filed objections on November 7, 2005 (Doc. #14).  In his objections, Plaintiff contends that correctional officers have used excessive force against him

several times and his complaints to Defendants Garrett, Campbell, Carter, and Hooks regarding the same put them on notice of the "widespread attacks" such that they knew correctional officers were in need of additional training or supervision and failed to take appropriate action. Plaintiff contends that he was attacked by correctional officers three times from November 1, 2004, to July 24, 2005. (Doc. #14 at 3-4). Plaintiff does not offer specific details of the alleged attacks in his objections but rather points to his two pending lawsuits in this court against various prison employees as evidence of Defendants' knowledge of the need to provide additional training and supervision to correctional officers.

While "the doctrine of *respondeat superior* does not apply to § 1983 cases, a § 1983 plaintiff may maintain a theory of direct liability against a prison or other official if that official fails to properly train, supervise, direct, or control the actions of a subordinate who causes the injury." *Pearl v. Dobbs*, 649 F.2d 608, 609 (8th Cir. 1981). "Supervisory liability under Section 1983 may be shown by either the supervisor's personal participation in the acts that comprise the constitutional violation or the existence of a causal connection linking the supervisor's actions with the violation." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).

> [A] causal connection [between the supervisor's actions and the alleged deprivation] can be established when a history of widespread abuse puts the responsible supervisor on notice of the

> need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration . . . .

*Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted), *cert. denied*, 500 U.S. 933 (1991). "A single incident, or isolated incidents, do not ordinarily satisfy this burden." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988).

Without passing on the merits of Plaintiff's cases not presently before the court, Plaintiff's facts as alleged here – that over a period of approximately nine months guards used excessive force against him on three different occasions – do not support a finding that the deprivations were "obvious, flagrant, rampant and of continued duration" such that Defendants Garrett, Campbell, Carter, and Hooks are liable as supervisory officials. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Moreover, Plaintiff makes only general allegations that correctional officers have not been adequately trained. Indeed, he fails to specify how the training received by corrections officers at St. Clair Correctional Facility is inadequate. Conclusory, vague, and general allegations are insufficient to state a claim upon which relief under § 1983 can be granted. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Based on the foregoing, Plaintiff's claims against Garrett, Campbell, Carter, and Hooks as supervisory officials are due to be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and Plaintiff's objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the magistrate judge's recommendation is **ACCEPTED**. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that all of Plaintiff's claims in this action, except his First Amendment retaliation claims and Eighth Amendment excessive force and failure to protect claims against Defendants Warden Archie Garrett, Deputy Warden Mary Carter, Officer Gary Malone, and Officer Lauolefiso Jones, are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b). It is further **ORDERED** that the remaining claims are **REFERRED** to the magistrate judge for further proceedings.

    **DONE** and **ORDERED** this     5th     day of September, 2006.

                                        **R. DAVID PROCTOR**
                                        UNITED STATES DISTRICT JUDGE